1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11      ABELARDO HAU,                              Case No.:  19cv230 JM(RNB)

12                            Plaintiff,
                                                   **ORDER: (1) ADOPTING REPORT
13      v.                                         AND RECOMMENDATION;
                                                   (2) DENYING PLAINTIFF'S
14      ANDREW SAUL, Officially as Acting          MOTION FOR SUMMARY
        Commissioner of the Social Security        JUDGMENT;
15      Administration,                            (3) GRANTING DEFENDANT'S
                                                   CROSS MOTION FOR SUMMARY
16                            Defendant.           JUDGMENT**

17

18

19          On February 1, 2019, Plaintiff Abelardo Hau ("Plaintiff") filed a complaint pursuant

20   to 42 U.S.C. 405(g) of the Social Security Act requesting judicial review of the final

21   decision of the Commissioner of the Social Security Administration ("Commissioner" or

22   "Defendant") regarding the denial of his application for Supplemental Security Income

23   ("SSI").  (Doc. No. 1.)    On August 26, 2019, Plaintiff filed a motion for summary

24   judgment, requesting the court reverse the Commissioner's final decision and order the

25   payment of SSI, or, alternatively, remand the case for further proceedings.  (Doc. No. 14.)

26   On September 30, 2019, Defendant filed a cross-motion for summary judgment requesting

27   the court affirm the Commissioner's final decision.  (Doc. No. 17.)

28

1

On November 12, 2019, the Honorable Robert N. Block, United States Magistrate Judge, issued a Report and Recommendation (the "Report") recommending the court grant the Commissioner's motion for summary judgment and deny the Plaintiff's motion for summary judgment. (Doc. No 21.) On November 25, 2019, Plaintiff filed objections to the Report. (Doc. No. 23.) On December 4, 2019, Defendant filed its reply to the objections. (Doc. No. 24.)

After a careful review of the record and *de novo* review of those portions of the Report to which specific objections have been made, and for the reasons set forth below, the court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation in full and **GRANTS** Defendant's motion for summary judgment.

PROCEDURAL HISTORY AND BACKGROUND

On January 29, 2015 Plaintiff protectively filed an application for SSI under Title XVI of the Security Act. (Administrative Record ("AR") 276-84; *see also* AR 15, 147.) The claim was initially denied and upon reconsideration. (AR 158-64, 168-72). Subsequently, Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (*Id.* 174-76.)

On March 14, 2017, August 21, 2017, and January 2, 2018, hearings were held before ALJ Donald P. Cole. (*Id.* 31-57, 58-112, 113-40.) At all three hearings, Plaintiff was represented by counsel and testimony was solicited from Plaintiff, three vocational experts and two medical experts. (*See id.*) On February 22, 2018, the ALJ issued his decision, finding Plaintiff was not disabled and denying his application. (*Id.* 15-24.) Plaintiff exhausted administrative remedies and filed this action on February 1, 2019. (Doc. No. 1.)

On June 21, 2019, Defendant filed its answer by filing the administrative record. (Doc. No. 10.) *See* CivLR. 7.1(e)(6)(d). On August 26, 2019, Plaintiff filed a motion for summary judgment. (Doc. No. 14.) On September 30, 2019, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. (Doc. No. 17.) On October 11, 2019, Plaintiff filed his reply memorandum. (Doc. No.

18.) On November 12, 2019, Magistrate Judge Block, issued the Report, recommending that Defendant's motion be granted, and Plaintiff's motion be denied. (Doc. No. 21.)

## STANDARD OF REVIEW

A claimant is entitled to disability benefits under the Social Security Act if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d)(1)(A). To qualify for benefits, the impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). Further, the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Although an individual may seek judicial review of the Commissioner of Social Security's final agency decision, the breadth of the review is limited. 42 U.S.C. §§ 405(g), 1383(c)(3). Under 42 U.S.C. section 405(g), courts review the ALJ's decision to determine whether substantial evidence supports the ALJ's findings and if they are free of legal error. *See Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996); *DeLorme v. Sullivan¸* 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards). The final decision of the Commissioner should not be disturbed unless: (1) the ALJ's findings are based on legal error; or (2) the ALJ's determinations are not supported by substantial evidence in the record as a whole. *See Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000).

When analyzing an ALJ's decision the reviewing court must follow three important rules. *Brown-Hunter v. Colvin,* 806 F.3d 487, 492 (9th Cir. 2015). First, the court "leave[s] it to the ALJ to determine credibility, resolve conflicts in testimony, and resolve

19cv230 JM(RNB)

ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Second, the court should "disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error." *Id.* (internal quotation marks and citation omitted). Third, the court must uphold an ALJ's decision, even when the ALJ commits legal error, if that error is harmless. *Treichler,* 775 F.3d at 1099.

"[W]hatever the meaning of 'substantial' in other contexts, [when reviewing agency factual determinations] the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence means, "and means only, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009). In determining if substantial evidence exists, courts must review the record as a whole and consider adverse as well as supporting evidence. *See Robbins v. Soc. Sec. Admin,* 466 F.3d 880, 883 (9th Cir. 2006). Where evidence can reasonably be construed to support more than one rational interpretation, the ALJ's decision must be upheld. *See Batson v. Comm'r of the Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). This includes deferring to the ALJ's credibility determinations and resolutions of conflicts in medical testimony and ambiguities. *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins*, 466 F.3d at 882 (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989)); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.2007).

Federal Rules of Civil Procedure 72(b) and 28 U.S.C. section 636(b) set forth the duties of the district court in connection with a report and recommendation of a magistrate judge. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court judge need not review de novo those portions of a report and

19cv230 JM(RNB)

recommendation to which neither party objects. *See Wang v. Masaitis,* 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

Objections must be written and specific. *See, e.g.,* Fed. R. Civ. P. 72(b)(2). It is well-settled that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen,* No. 12-cv-401-IEG(DHB), 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (collecting cases).

DISCUSSION

Plaintiff contends that he meets and/or equals the requirements to qualify for a finding of disabled under Listing 5.06 (the "Listing"). Plaintiff objects to the magistrate judge's recommendation to grant Defendant's motion for summary judgment and deny Plaintiff's motion, focusing on the portion of the report related to Listing 5.06. First, Plaintiff argues that the magistrate judge mistakenly believed that Hau needed to equal all of the requirements of the 5.06 Listing. Second, Plaintiff challenges the determination that the ALJ's error in applying the wrong duration requirement to Listing 5.06(B) was harmless, arguing that the magistrate judge incorrectly made independent findings. Third, Plaintiff argues the same error was not inconsequential to the ultimate non-disability determination.

The Commissioner of Social Security has promulgated regulations that provide for a five-step sequential analysis to determine whether a Social Security claimant is disabled. 20 C.F.R. § 404.1420. The sequential inquiry continues until a "question is answered affirmatively or negatively in such a way that a decision can be made that a claimant is or is not disabled." *Pitzer v. Sullivan*, 908 F.2d 502, 504 (9th Cir. 1990). The claimant bears the burden of proof to demonstrate disability during the first four steps of the sequential inquiry. *Valentine,* 574 F.3d at 689.

Neither party challenges or disputes the ALJ's finding that Hau has not engaged in substantial gainful activity since January 29, 2015. The ALJ also found that Hau has the severe impairments of diverticulitis and related gastrointestinal impairments; degenerative disc disease; morbid obesity and osteoarthritis of the hips and knees. As a consequence, Plaintiff met steps one and two. Thus, the relevant inquiry is on the third step of the analysis, where the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 416.920(d), 416.925, 416.926. Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets the Listings. (AR 19.)

The Listing of Impairments describes specific impairments for each of the major body systems which are considered "to be severe enough to prevent an individual from doing any gainful activity." *See* 20 C.F.R. § 416.925(a). Each impairment is defined in terms of numerous specific medical signs, symptoms, or laboratory test results. Most of the impairments on the Listing of Impairments are permanent or expected to result in death, therefore, for some listings a specific period of time is stated for which the claimant's impairment(s) will meet the listing, while for all others, the evidence must demonstrate the impairment has lasted, or can be expected to last, for a continuous period of at least 12 months. 20 C.F.R. 416.925(4).

If the claimant has an impairment that meets or equals a listed impairment, disability is presumed, and benefits are awarded. *See Tackett v. Apfel*, 180 F.3d at 1099; *see also* 20 C.F.R. § 416.920(d). However, an impairment cannot meet the criteria of a listing based solely on a diagnosis. 20 C.F.R. § 416.925(d). Rather, to meet the requirements of a listing, a claimant must have "a medically determinable impairment(s) that satisfies all of the criteria of the listing." 20 C.F.R. § 416.025(d). If a plaintiff's impairment does not meet the listing, he may still be automatically considered disabled if he has a condition which is medically equivalent to a listed impairment. 20 C.F.R. § 416.926. "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least

equal in severity and duration' to the characteristics of a relevant listed impairment…" *Tackett,* 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526) (emphasis in original); *see also Sullivan v. Zebley,* 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment*.*) (emphasis in original).  A claimant bears the burden of proving that he or she has an impairment that meets or equals the criteria of a listed impairment.  *Burch v. Barnhart,* 400 F.3d 675, 683 (9th Cir. 2005).

Under Listing 506(B) for inflammatory bowel disease a claimant is required to meet:

> [t]wo of the following despite continuing treatment as prescribed and occurring within the same consecutive 6-month period:
> 1. Anemia with hemoglobin of less than 10.0 g/dl, present on at least two evaluations at least 60 days apart; or
> 2. Serum albumin of 3.0 g/dl or less, present on at least two evaluations at least 60 days apart; or
> 3. Clinically documented tender abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or
> 4. Perineal disease with draining abscess or fistula, with pain that is not completely controlled by narcotic medication, present on at least two evaluations at least 60 days apart; or
> 5. Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms or BMI, present on at least two evaluations at least 60 days apart; or
> 6. Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 506(B).

### a. Meeting Listing 5.06

Plaintiff argues that his perforated diverticulitis, either singly or combined, met or equaled Listing 506(B)(4) because he was admitted to UCSD between November 30, 2014 to December 24, 2015.  (Doc. No. 14 at 14.)  In support, Plaintiff cites a December 8, 2014 CT scan showing an abscess in his abdominal cavity (AR 489), the December 12, 2015 [sic] placement of a drain and resecting of his ileum (AR 585), the removal of the two

drains that were placed in his abdomen on February 11, 2015 and March 6, 2015 (AR 867, 1031), his second hospitalization due to abdominal pain from December 21, 2014 to January 7, 2015, and asserts that he suffered "persistent pain throughout." (AR 500; Doc. No. 14 at 14.) Further, Plaintiff asserts that he was hospitalized and underwent a sigmoid colectomy from October 29, 2015 to November 3, 2015. (AR 500; Doc. No. 14 at 14) Plaintiff contends he met or equaled the second element of Listing 5.06(B)(5) as demonstrated by a note from UCSD showing that "Mr. Hau was 275 pounds when in prison, and then increased to 305 pounds in mid-2014, but, after 2 months of hospitalizations starting in November of 2014, he dropped down to 211. (AR 1050)." (Doc. No. 14 at 15.)

The ALJ afforded Dr. Rubin's opinion substantial weight that Plaintiff met Listing 5.06, but for less than 12-months, although the ALJ did this without explicitly finding that Plaintiff did in fact meet the criteria of being disabled. (AR 19-20). To meet a listing, a claimant's impairments must "meet all the of the specified medical criteria." *Zebley,* 493 U.S. at 530. In other words, "an impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* A decision of whether the claimant's impairment meets or equals a listing is based solely upon medical evidence. *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990).

After finding the ALJ incorrectly determined that the 12-month durational requirement applied, Judge Block determined that this error was harmless. (Report 11.) In his Report, Judge Block has detailed how Plaintiff's medical records did not provide conforming medical evidence of two of the specified criteria as required by Listing 5.06. (*Id.* 12-13.) And, as Judge Block noted, "[w]hile Dr. Rubin opined that plaintiff's perforated diverticulitis equaled Listing 5.06(b), he did not provide any explanation of the basis of his opinion or identify which two of the specified criteria were evidenced by medical findings." (*Id.* 11 n.6.)

As Judge Block explained, contrary to Plaintiff's assertion, the cited medical records do not provide evidence of uncontrolled pain present for at least two evaluations at least

60 days apart within a consecutive 6-month period. That Plaintiff reported abdominal pain upon his admissions into hospital on November 30, 2014 and again on December 21, 2014, (*see* AR 874, 497), cannot been viewed as evidence because these two evaluations did not occur at least 60 days apart from each other. The court also agrees with Judge Block that a review of Plaintiff's medical records does not confirm Plaintiff's allegation that he consistently complained of pain that could not be completely controlled by prescribed narcotic medication. Plaintiff's discharge notes on January 7, 2015 include the annotation "no significant physical examination findings at the time of discharge." (*Id.* 501.) Similarly, on January 21, 2015, the treatment notes state, that Hau "endorses some pain around his drain site but denies any other abdominal pain," (*id.* 1028), the February 11, 2015 treatment notes following the first drain removal states, "denies pain" and "Denies fevers, increasing abdominal pain," (*id.* 867, 1031), and the March 18, 2015, treatment notes state Plaintiff "has been doing very well, eating normally, normal bowel movements, no abdominal pain," (*id.* 1032). The additional procedures Plaintiff underwent beginning in October 2015 cannot be counted because they occurred outside the six-month period. (*See id.*, 791, 1085, 1104.) Therefore, Judge Block was correct that no. 4 of the specified medical criteria of Listing 5.06(B) was not satisfied.

Similarly, where Plaintiff was maintaining that he had satisfied no. 5 of Listing 5.06 in that he had suffered "[i]nvoluntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms or BMI, present on at least two evaluations at least 60 days apart," Judge Block has correctly pointed out that the only notation in the record in support of this contention is a treatment note dated October 8, 2015. The note states: "272: prison >> increased to 305 post prison in 2014. . . 2 month hosp: 211 post … 272#  60# over the 10 months." (AR 1050). But, as Judge Block explained, this does not equate to "medical records documenting involuntary weight loss of a least 10 percent "present on at least two evaluations at least 60 days apart." (Report 13.) Plaintiff has failed to cite medical records in the form of medical signs, symptoms, or laboratory test results documenting involuntary

19cv230 JM(RNB)

weight loss of at least 10 percent "present on at least two evaluations at least 60 days apart" and the court was unable to find any.

The magistrate judge was, therefore, correct in determining that there is no medical evidence in the record that would establish that Plaintiff meets two of the criteria required for Listing 5.06. *See Marcia*, 900 F.2d at 175 (A decision of whether the claimant's impairment meets or equals a listing is based solely upon medical evidence).

### b. Equivalence to Listing 5.06 requirements

Plaintiff does not object to Judge Block's finding that the 12-month durational requirement does not apply to his impairment. Rather, he argues that the magistrate judge applied the wrong standard to his claim because the requirements needed to prove that a claimant equaled a listing are different from the requirements to prove that a claimant has met a listing. (Doc. No. 23 at 3-5.) Plaintiff asserts that instead of applying *Kallenbach v Berryhill,* 766 F. App'x 518, 520 (9th Cir. 2019), Judge Block should have applied the standard set forth in *Marcia v. Sullivan*, 900 F.2d 172, 175-76 (9th Cir. 1990).

In *Marcia* the Ninth Circuit explained that a claimant who suffers from an impairment for which a listing exists, may still be found to be automatically disabled, notwithstanding the fact their impairment does not meet every criterion of the listing. The Court of Appeals explained that a claimant's impairment may be medically equivalent to the appropriate listing and such equivalence occurs when claimant can demonstrate "the medical findings are at least equal in severity and duration to the listed findings." *Marcia,* 900 F.2d at 175-76. A claimant may present evidence of equivalency in the form of alternative diagnostic tests or by presenting evidence that the combination of evidence established medical equivalence. *Id.* at 176. "To that end, the regulations only require the ALJ to 'review the symptoms, sign, and laboratory findings….'" *Gardner v. Barnhart,* 73 Fed. Appx. 193, 195 (9th Cir. 2003) (quoting 20 C.F.R. § 404.1526)). When a claimant presents evidence pertaining to the substantiation of their conditions equaling a listed impairment, it is insufficient for the ALJ to merely conclude that the evidence does not

equal a listed impairment; the ALJ must consider and comment on that evidence. *Marcia*, 900 F.2d at 176.

The ALJ did not explain why Plaintiff's medical history and associated symptoms along with his medical records did or did not establish equivalence. But, a review of the three hearing transcripts indicate that Plaintiff did not specifically point to any medical evidence or make a medical equivalency argument regarding the 5.06 Listing at the hearings. (*See generally* AR 31-140.) During Plaintiff's second ALJ hearing on August 21, 2017, medical expert Leonard Rubin testified regarding Plaintiff's perforated diverticulitis. (AR 66.) Dr. Rubin believed that when Hau had a perforated diverticulitis and an abscess that required several different drainage procedures in 2014, he was disabled during that time. (*Id*.) The relevant exhibits related to the perforated diverticulitis referenced during the hearing were 1F, 2F, 13F (*Id*. 65, 68.) Dr. Rubin acknowledged that Plaintiff's condition lasted for approximately a year and required additional medical procedures. (*Id*. 66-70.) As Judge Block explained, when asked to find the closest comparable listing, Dr. Rubin suggested Listing 5.06, the irritable bowel syndrome listing. (*Id*. 61.) The ALJ proceeded to question Dr. Rubin regarding the length of time Plaintiff equaled Listing 5.06. (*Id*. 71-72.) Dr. Rubin opined that Plaintiff equaled the listing from December 15, 2014 until November 27, 2015. (*Id*. 72.) Neither the ALJ or Plaintiff's counsel pressed Dr. Rubin on what evidence he was using to form the basis of his opinion that Plaintiff was disabled during this time period. Dr. Rubin did mention Plaintiff's "right lower quadrant abscess," (*id*. 66), the "several different drainage procedures in 2014," (*id*.), "a laparotomy in October of 2015," (*id*. 67, 68), "the perforation in November of 2014," (*id*. 67), "multiple stent placements," (*id*. 69) and made reference to exhibit 13F (*id*. 68). However, Dr. Rubin did not compare the symptoms, sign, and laboratory findings associated with Plaintiff's perforated diverticulitis to Listing 5.06 to determine equivalency in severity and duration.

Notably absent from the record is any theory, plausible or otherwise, from Plaintiff or his counsel as to how his condition equaled the Listing and Plaintiff's counsel's post

hearing brief makes no mention of Hau meeting or equaling Listing 5.06. (*see* AR 271-272.) While the ALJ has a duty to evaluate the evidence pertaining to an alleged disability in his opinion, *Marcia,* 900 F.2d at 176, "[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listings in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Kennedy v. Colvin*, 738 F.3d 1173, 1178 (9th Cir. 2013) (quoting *Burch,* 400 F.3d at 683). *Marcia* is distinguishable from the instant case, however because the plaintiff in *Marcia* had "presented evidence in an effort to establish equivalence." *Marcia*, 900 F2d at 176. At no point did Hau's counsel present any equivalency theory nor point to medical diagnosis or alternative tests related to Listing 5.06 during the hearings before the ALJ. Even assuming an equivalency argument was made, Plaintiff must still present medical findings equal in severity to all criteria for the one most similar listed impairment. *Kennedy,* 738 F.3d at 1174. But, as explained above, the medical evidence in the record does not establish that Plaintiff equals two of the criteria required for Listing 5.06.

Moreover, in order to find medical equivalence based on a "combination of ailments," Plaintiff must advance a theory or argument explaining how his perforated diverticulitis combines with other symptoms to equal Listing 5.06 or any other listing. *See Burch,* 400 F.3d at 686 (plaintiff must offer a 'theory, plausible or otherwise, as to how [plaintiff's impairments] combined to equal a listed impairment"); *Lewis*, 236 F.3d at 514 (rejecting plaintiff's argument that the ALJ erred when he failed to consider the combined effects of impairments when plaintiff offered no theory or evidence on this issue). But at the administrative level, Plaintiff failed to put forth an equivalency argument based on a combination of ailments theory. (*See generally,* AR.) And, on appeal, the evidence Plaintiff presented, addresses the individual criteria required to meet Listing 5.06(B), and does not contain any record detailing how the combined effects of his impairments could equal this Listing. Thus, Plaintiff offers no theory as to how his other impairments, such as disorders of the spine, morbid obesity, degenerative disc disease, depression, or osteoarthritis of the hip could combine to equal the 5.06(B) Listing. As a result, neither

1  the ALJ nor the magistrate judge was required to discuss Plaintiff's impairments in

2  combination.

3      In sum, because Plaintiff never advanced an argument nor presented evidence in an

4  effort to establish equivalence, this distinguishes him from the claimant in *Marcia*.  In

5  accordance with the above, Plaintiff's objection that the magistrate judge applied the

6  incorrect standard of law is rejected.

7      ***c.  The Magistrate Judge did not incorrectly make independent findings***

8      Second, Plaintiff objects to the reasons Judge Block provided for finding that the

9  ALJ's error was harmless, arguing that they were not reasons provided by the ALJ.  (Doc.

10  No. 23 at 5-7.)

11      The determinations made by Judge Block are not, as Plaintiff contends, independent

12  findings.   Judge Block was comprehensively responding to Plaintiff's assertion that

13  Plaintiff had cited to medical records evidencing uncontrolled pain present for at least two

14  evaluations at least 60 days apart within a consecutive 6-month period and had satisfied

15  no. 4 of the specified medical criteria of Listing 5.06(B).  In doing so, he relied on the very

16  same reports and symptoms cited by Plaintiff and referenced and discussed by the ALJ.

17  The ALJ did not ignore Plaintiff's perforated diverticulitis and he summarized the medical

18  records related to the abdominal surgeries as illustrating "the claimant recovered well from

19  his abdominal surgeries."  (AR 20.)  He also referenced Plaintiff's exploratory laparotomy

20  with bowel resection in December 2014, the second drain placement in January 2015, the

21  removal of the drain in March 2015, and Plaintiff's reports that he was doing well without

22  continued symptoms on January 21, 2015 and in March 2015.  (*Id.*)  The ALJ also noted

23  the sigmoidectomy and laparotomy Plaintiff underwent in October 2015, explaining that

24  although Plaintiff was readmitted for abdominal pain he was "treated and released after 4

25  days in improved condition."  (*Id.*)  Judge Block simply provided additional color

26  explaining:

27      [e]vidence that plaintiff was experiencing abdominal time [sic] at the time of
       his first admission to hospital on November 30, 2014 (*see* AR 874) and that
28

13

plaintiff was again experiencing abdominal pain at the time of his second admission on December 31, 2014 (*see* AR 497) is not sufficient because those two evaluations were not at least 60 days apart.

(R&R 12). Judge Block also noted how the medical records indicate that during follow up visits spanning from January through March 2015, Plaintiff did not consistently complain of experiencing abdominal pain evidencing "persistent pain throughout." (*Id.*) Because, these determinations were based solely upon medical evidence in the record and were used to demonstrate the harmlessness of the ALJ's error, Plaintiff's objection is rejected.

### d. The Magistrate Judge did show that the error was inconsequential

Finally, Plaintiff objects to the magistrate judge's conclusion that the ALJ's error was harmless, arguing that Judge Block did not show that the error was inconsequential to the non-disability determination or show that any reasonable ALJ would arrive at the same conclusion as the denying ALJ. (Doc. No. 23 at 7 -8.) The court disagrees.

At Step Three, an error is harmless if no reasonable ALJ could conclude otherwise. As discussed above, Judge Block clearly explained over the course of two pages, that notwithstanding the durational requirement, the record is clear that Plaintiff failed to provide the necessary medical evidence, in the form of medical signs, symptoms, or laboratory test results, to demonstrate he met or equaled two of the criteria required for Listing 5.06. Here, the ALJ incorrectly assumed that Plaintiff automatically met or equaled the requirements of the Listing based on the testimony of Dr. Rubin, but Dr. Rubin made this conclusory statement without comparing the symptoms, signs, and laboratory findings associated with Plaintiff's perforated diverticulitis to Listing 5.06 to determine if two of the criteria had been in fact been met. A closer review of the medical records illustrates this assumption was incorrect. No reasonable factfinder could conclude otherwise. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

Accordingly, in looking at the record as a whole, the court concludes that any error committed by the ALJ when inaccurately stating that the durational requirement was a continuous period of 12 months at Step Three was harmless because it would not alter the

outcome of the disability determination under Listing 5.06. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (An ALJ's error is harmless where it is "inconsequential to the ultimate disability determination.") (quoting *Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163-63 (9th Cir. 2008). The 5.06 Listing is clear and specific, and the evidence clearly establishes, as Judge Block demonstrated, that the Plaintiff does not meet the Listing. Therefore, Plaintiff's objection is overruled.

CONCLUSION

After a de novo review of those portions of the Report to which Plaintiff objected, and after a review of the ALJ's decision and the Administrative Record, the court finds that Magistrate Judge Block correctly evaluated the facts and applied the controlling law in this case. Accordingly, for the reasons set forth above, the court hereby **ADOPTS** the Report and Recommendation, (Doc. No. 21), **OVERRULES** Plaintiff's objections, **DENIES** Plaintiff's motion for summary judgment (Doc. No. 14), and **GRANTS** Defendant's cross-motion for summary judgment (Doc. No. 17).

The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: March 24, 2020

Hon. Jeffrey T. Miller
United States District Judge